UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODOSIA URSULA HAYNES,

    Plaintiff,

v.                                          CASE No. 8:09-CV-392-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails properly to evaluate the plaintiff's diagnosis of fibromyalgia, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has some college education (Tr. 545, 546),

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

has previously worked as a cashier, data processor, day care provider, front desk clerk, substitute teacher, and waitress (Tr. 96-97). She filed a claim for Social Security disability benefits, alleging that she became disabled due to fibromyalgia, depression, anxiety, irritable bowel syndrome, left knee surgeries, and pain (Tr. 95). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from severe impairments of fibromyalgia, chronic bilateral knee pain, and depression (Tr. 29). He concluded that these impairments restricted the plaintiff to light and sedentary work involving simple, predictable tasks (Tr. 30). The law judge determined further that the plaintiff has frequent limitations in climbing, bending, crawling, and stooping, and occasional limitations in concentrating on tasks (id.). The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 34). However, based upon the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as small product assembler,

mail clerk, and telephone operator (Tr. 35).[2] Accordingly, he ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

---

[2] The expert testified that a job that a person with the plaintiff's profile could perform was telephone survey worker, not telephone operator (Tr. 563).

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff raises, under two headings, several challenges to the law judge's decision. The challenge related to fibromyalgia has merit and warrants reversal.

The plaintiff has been diagnosed with fibromyalgia by her treating rheumatologist, Dr. M. Sami Mughni (Tr. 348-57, 443-54). Other treating doctors have stated that diagnosis as well (Tr. 347, 513, 520). Importantly, the law judge found that the plaintiff suffered from a severe impairment of fibromyalgia (Tr. 29).

"Fibromyalgia is a condition characterized by widespread pain in joints, muscles, tendons and soft tissues." Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 695 n.1 (11th Cir. 2006)(unpub. dec.). The Eleventh Circuit has noted that the hallmark of fibromyalgia is a lack of objective evidence. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). As explained in Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996):

> Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no

> laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

The plaintiff challenges the law judge's decision on the ground, among other things, that the law judge improperly discredited her complaints of pain due to fibromyalgia based on the lack of objective medical evidence (Doc. 16, pp. 15-17). The plaintiff testified that, due to pain, she is able to stand for only a minute or two, cannot sit comfortably for more than a couple of minutes, cannot bend, and cannot lift more than two pounds (Tr. 554). The law judge did not mention this testimony in his decision, much less evaluate it. Rather, the law judge referred to a statement that the plaintiff had submitted to the Social Security Administration, which the law judge summarized as follows (Tr. 31):

> The claimant alleges disability due to fibromyalgia, left knee pain, depression, and anxiety. She says that she can only walk for about one half a block before she has to stop and rest. She also asserts

> that she has to rest for five to 10 minutes before resuming walking. She added that she falls often and that occasionally her pain prevents her from performing personal grooming. It is painful to put on her shoes and she indicated that her children, ages 16 and 17, actually take care of her more than she takes care of them. Her concentration is poor and she has frequent crying spells for no apparent reason. She cannot handle money due to forgetfulness and states that she wakes up often during the night (Exhibit 1E).

Regardless of which version of the plaintiff's subjective complaints the law judge evaluated, his assessment of the plaintiff's subjective complaints due to fibromyalgia was fundamentally flawed.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to

produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge, as indicated, found that the plaintiff suffered from fibromyalgia and that it was a severe impairment (Tr. 29). He stated that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (Tr. 32). This boilerplate language, standing alone, does not constitute an adequate credibility determination. See Mai v. Astrue, 2008 WL 398985 at *3 (M.D. Fla. 2008).

In the only paragraph that can plausibly be viewed as an assessment of the credibility of the plaintiff's allegations of pain due to fibromyalgia, the law judge stated (Tr. 32):

> [I]n the early part of 2004, the claimant complained of upper shoulder and neck pain. In March of 2004, the claimant's treating physician stated that he could find nothing, but nonetheless diagnosed fibromyalgia syndrome and suggested a

second opinion. Her doctor stated: "[t]he patient has symptoms of normal physical exam. Diagnosis of fibromyalgia is based on clinical judgment. No test is available to prove or disapprove this diagnosis." Therefore, I note that the diagnosis of fibromyalgia was premised entirely on the subjective symptoms of the claimant. This is underscored by the fact that, in October 2004, the claimant had normal range of motion of the hands, wrists, elbows, shoulders, and ankles with no signs of active inflammation ( Section F, pgs. 1-61).

The Eleventh Circuit has concluded that it is improper to reject a claimant's subjective complaints based on the lack of objective medical evidence documenting fibromyalgia because that circumstance is the hallmark of fibromyalgia. Moore v. Barnhart, supra, 405 F.3d at 1211. While the law judge in this case did not use the term "lack of objective medical evidence," he used language that is the equivalent of that term. Thus, he said that the diagnosis of fibromyalgia (which he accepted) "was premised entirely on the subjective symptoms of the claimant" (Tr. 32). This clearly means that, in the law judge's view, the diagnosis was not supported by objective medical findings. That conclusion is confirmed by the law judge's subsequent sentence, which notes normal findings regarding various ranges of motion (id.).

In light of the nature of fibromyalgia, the law judge could not discount the plaintiff's complaints of pain solely on the basis of a lack of objective medical findings or of being premised entirely upon subjective symptoms. The law judge did not identify any other factor that supports discounting the plaintiff's complaints of pain due to fibromyalgia.

In contrast, a credibility determination involving fibromyalgia pain was upheld in Moore because the law judge there "relied on the inconsistencies between Moore's descriptions of her diverse daily activities and her claims of infirmity." 405 F.3d at 1212. In this case, the law judge did not discuss the plaintiff's activities of daily living or any other credibility factor except for being premised entirely on the plaintiff's subjective symptoms. Accordingly, the credibility determination is inadequate, and this deficiency warrants reversal. See Stewart v. Apfel, 245 F.3d 793 (table), 2000 U.S. App. Lexis 33214 at *9 n.4 (11th Cir. 2000).

The plaintiff also challenges the law judge's credibility determination regarding the plaintiff's right knee problem. The law judge addressed this issue in some detail. The plaintiff has failed to point to evidence that compels a finding that the plaintiff, due to her knee impairment,

has greater functional limitations than found by the law judge. Accordingly, this contention is unpersuasive.

The plaintiff also challenges the law judge's assessment of her depression. The plaintiff argues that the law judge erred in calling the problem "situational" (Doc. 16, p. 18). In light of the number of stressful incidents recorded by Helen W. Choate, a licensed mental health counselor (and not a doctor, as denominated by the law judge), the law judge could reasonably characterize the problem as appearing to be situational.

Nevertheless, on remand, problematic aspects of the assessment of this condition should be addressed. For example, in his decision the law judge said the plaintiff had mild difficulties with concentration, persistence, or pace, but he translated this into an occasional limitation in concentrating on tasks (Tr. 30). He then determined in his decision that the plaintiff was capable of performing "simple, predictable tasks" (id.), but included in his hypothetical question to the vocational expert a capability of performing "routine, predictable tasks" (Tr. 562). It is unclear whether these limitations are the same, or whether they even reflect a significant mental functional

limitation. See Vuxta v. Commissioner of Social Security, 194 Fed. Appx. 874 (11th Cir. 2006).

Finally, the plaintiff contended, apparently as an alternative request for relief, that the Appeals Council erred in denying review in light of new evidence that was submitted to it. Because of the conclusion to remand this case, it is unnecessary to address this issue. Of course, on remand, the plaintiff can request the administrative decisionmaker to consider the new evidence.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED** and the matter **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ____ day of January, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE