UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODOSIA URSULA HAYNES,

    Plaintiff,

v.                                       CASE No. 8:09-CV-392-T-TGW

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.
_____:

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorney Fees under Social Security Act, 42 U.S.C. § 406(b) (Doc. 25), filed by counsel for the plaintiff. Having considered the motion, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under 42 U.S.C. 406(b), the petitioner will be awarded $5,493.50 in attorney's fees.

The petitioner represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. The decision was

reversed, and the case was remanded to the Social Security Administration by Order of this court (Doc. 18). Judgment was entered accordingly (Doc. 19).

The petitioner filed an application for attorney's fees under the Equal Access to Justice Act (EAJA) (Doc. 20). The court thereafter awarded an attorney's fee under the EAJA of $2,102.04 (Doc. 24).

As a result of the second administrative hearing, the plaintiff was awarded benefits (see Doc. 25-2). Plaintiff's counsel then filed a motion for attorney's fees pursuant to 42 U.S.C. 406(b) (Doc. 25).

The Social Security Act provides for the recovery of attorney's fees in the following terms (42 U.S.C. 406(b)(1)(A)):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

The Commissioner does not raise an objection to the entitlement of an award of fees under §406 (see Doc. 26). Therefore, it is appropriate to consider the reasonableness of the fees requested.

A contingent fee agreement between an attorney and a Social Security claimant must not exceed twenty-five percent of the total past-due benefits awarded to a prevailing claimant. 42 U.S.C. 406(b)(1)(A). The United States Supreme Court has held that the burden is on the petitioner attorney to demonstrate that the "fee sought is reasonable" in comparison with the services rendered. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002).

In this case, the petitioner has requested an award of attorney's fees in the amount of $5,493.50 (Doc. 25). This represents 12.12 hours of services before the court (id., p. 10; Doc. 25-3). The fee agreement between the plaintiff and counsel is for a contingent attorney's fee not to exceed twenty-five percent of past-due benefits (Doc. 25-1).

The claim of 12.12 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim. Moreover, the contingency fee agreement between the law firm and the plaintiff appears reasonable because the parties agreed that the attorney's fees would not exceed twenty-five percent of the past-due benefits (Doc. 25-1). In this regard, the combined requested fees of the petitioner, and the fees that will be requested by Peter Helwig, the attorney who handled the

administrative proceedings after remand, are not more than the amount withheld by the Social Security Administration for the payment of approved attorney's fees, and do not exceed twenty-five percent of the past-due benefits (Doc. 25, p. 3).[1] Further, the defendant does not argue that the fee is unreasonable. To the contrary, the defendant states that there is "no objection to the payment of $5,493.50" to counsel (Doc. 26, p. 2).

Furthermore, plaintiff's counsel acknowledges that an fee award under §406(b) must take into account the earlier award under the EAJA of $2,102.04 (Doc. 25, p. 3). Thus, the EAJA includes a Savings Provision, which provides that, when a prevailing claimant recovers attorney's fees under both the EAJA and 42 U.S.C. 406(b)(1), the claimant's attorney must refund to the claimant the smaller award. Jackson v. Commissioner of Social

---

[1] Due to a computational error, the amount of the benefits withheld for attorney's fees in this case ($9,081) may be less than twenty-five percent of past-due benefits. Thus, based on the normal withholding of twenty-five percent of back benefits for fees, the sum of the past-due benefits would be $36,324 ($9,081 multiplied by four). However, the sum of the past-due benefits paid to the plaintiff ($28,969) and the amount withheld for attorney's fees ($9,081) totals $38,050. Since the Notice of Award does not specify the total back award, the source of this error is unclear. However, if the total back award was $38,050, less than twenty-five percent of the past-due benefits has been withheld. Counsel stated that they are willing to accept the amount that has been withheld, and they have computed their attorney's fees request accordingly (Doc. 25, p. 3).

Security, 601 F.3d 1268, 1271(11th Cir. 2010)(quoting 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, §3, 99 Stat. 183, 186).

As the Eleventh Circuit recently held, the EAJA Savings Provision does not mandate a specific procedure for refunding the attorney's fee. Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1272; Green v. Commissioner of Social Security, 390 Fed. Appx. 873, 874 (11th Cir. 2010). Thus, an attorney may effectuate the refund by (1) reducing her §406(b) fee request by the amount of the EAJA award, or (2) refunding to the plaintiff the smaller EAJA award and accepting the §406(b) award in full. Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1273, 1274. "Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from h[er] §406(b) fee request, the purpose of the Savings Provision is fulfilled-the attorney does not get a double recovery." Id. at 1273.

In this case, the petitioner proposes that the court award her the full amount of her attorney's fee under §406(b), and she will refund to the plaintiff the smaller EAJA fee of $2,102.04 (Doc. 25, p. 3). The defendant has not objected to this procedure, and it is acceptable under Jackson.

For the foregoing reasons, the Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. §406(b) (Doc. 25) is **GRANTED**. The plaintiff is hereby **AWARDED** $5,493.50 in fees pursuant to 42 U.S.C. 406(b).[2]

DONE and ORDERED at Tampa, Florida, this 13th day of January, 2011.

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2]Thereafter, the onus is on plaintiff's counsel to refund the amount of the EAJA award to the plaintiff. See Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1272 ("The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund.").

-6-